**The below described is SIGNED.**

**Dated: September 20, 2005**

                        **JUDITH A. BOULDEN**
                        **U.S. Bankruptcy Judge**



## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>NATIONAL SCHOOL FITNESS FOUNDATION,<br><br>                Debtor(s). | Bankruptcy No. 04-28808<br><br>Chapter 11 |
| R. KIMBALL MOSIER, Chapter 11 Trustee of National School Fitness Foundation,<br><br>                Plaintiff,<br><br>vs.<br><br>DALE P. HOLT<br><br>                Defendant. | Adversary Proceeding No. 05-2116<br><br>Judge Judith A. Boulden |

**MEMORANDUM DECISION ON DEFENDANT'S
MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is the Defendant's Motion to Dismiss or Alternatively for Summary

Judgment (Defendant's Motion) and the Chapter 11 Trustee's (Trustee) Cross-Motion for Partial

Summary Judgment (Cross-Motion). The Defendant's Motion requires the Court to determine

whether the complaint should be dismissed or whether summary judgment should be granted in the Defendant's favor. The Cross-Motion requires the Court to determine whether summary judgment should be granted in the Trustee's favor on causes of action III and IV.

Both motions have been fully briefed by the parties. The Court has considered the facts properly before it, the written and oral arguments presented, has conducted an independent review of applicable law, and finds that notice was properly given to all parties in interest. Based on the foregoing, the Court makes the following ruling.

## I. JURISDICTION AND LEGAL STANDARD

Causes of action I through IV are core proceeding under 28 U.S.C. §§ 157(b)(2)(H), and the Court may enter a final order. Causes of action V through VII do not arise from Title 11 but are related proceedings, and this Court cannot enter a final order without the parties' consent. The parties agree that all causes of action included in the complaint are core. Although the Court disagrees that causes of action V through VII are core, this Court will deem the parties agreement to constitute consent to entry of a final order in any related cause of action.

The parties have presented evidence outside of the allegations contained in the complaint. As a result, the Defendant's Motion is properly addressed as a motion for summary judgment, and the Court will apply that legal standard.[1] Federal Rule of Bankruptcy Procedure 7056 makes summary judgment appropriate when, after consideration of the record, the Court determines that "there is no genuine issue as to any material fact and that the moving party is

---

[1] *Jackson v. Integra, Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991) (stating that if a court considers matters outside of the pleadings, a motion to dismiss should be treated as a motion for summary judgment).

entitled to a judgment as a matter of law."[2] In applying this standard, the Court examines the factual record in the light most favorable to the nonmoving party.[3] The party opposing summary judgment may not rely on mere allegations or denials in its pleadings or briefs, but must identify specific and material facts for trial and significant probative evidence supporting the alleged facts.[4] There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."[5] The moving party has the burden of establishing that it is entitled to summary judgment.[6]

## II. FACTS

On August 28, 2000, the Defendant Dale P. Holt (Defendant) funded a check to Taylor'd Systems, Inc. (Taylor'd) for $300,000. The Defendant testified (in his Rule 2004 examination taken in the main case) that he did so at the request of Mark Jenson (Jenson), a principal of MSF Properties, L.C. (MSF), who was also the Defendant's friend. According to the Defendant's examination testimony, Jenson requested a short term "bridge loan" from the Defendant to fund the transaction until NSFF was able to provide permanent financing.

On August 28, 2000, Taylor'd executed a Secure Promissory Note is favor of MSF for $300,000. The balance of the loan to Taylor'd came due "no later than the earlier of (a) October 16, 2000, and (b) the date on which [Taylor'd] closes a loan with National School Fitness

---

[2] FED. R. CIV. P. 56(c).

[3] *See Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

[4] *Burnette v. Dresser Indus., Inc.*, 849 F.2d 1277, 1284 (10th Cir. 1988).

[5] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Foundation."[7] On January 12, 2001, National School Fitness Foundation (NSFF) executed a Promissory Note in favor of MSF in the amount of $555,604 (Note #1). MSF assigned its interest in Note #1 to the Defendant. The assignment was made to satisfy MSF's obligations to the Defendant for the bridge loan the Defendant made to MSF for the purpose of advancing funds to Taylor'd. NSFF never made any payments to Defendant under Note #1. As a result, NSFF and the Defendant entered into an Settlement Agreement dated May 28, 2002 under which the Defendant agreed to accept a new note (Note #2) valued at $300,000 in full satisfaction of the debt owed to him under Note #1. NSFF made payments in full to the Defendant under Note #2.

### III. DISCUSSION

The Defendant has argued that causes of action I, III, and V should be dismissed because the applicable statute of limitations has run. The Defendant argues that the state statute of limitations ran on January 12, 2005 four years after Note #1 was executed and that the underlying complaint in the adversary proceeding was untimely because it was not filed until March 11, 2005. The Defendant is mistaken. Under 11 U.S.C. § 546 of the Code,[8] a state statute of limitations that has not expired before an order for relief is entered in a bankruptcy case is tolled for two years after the entry of an order for relief in the main case, or one year after the appointment of the first trustee, which ever date is later. NSFF's order for relief was entered upon the filing of its voluntary petition on June 1, 2004. The Trustee was appointed on July 9, 2004. Under § 546, the Trustee has two years from the entry of the order for relief to file § 546 causes of action as long as the state statute of limitations has not run. NSFF filed for bankruptcy

---

[7] Def.'s Memo. in Supp. of Mot. Dismiss Exh. A.

[8] All future references are to Title 11 of the United States Code unless otherwise indicated.

in 2004 before the state statute of limitations had run. This adversary proceeding was filed on March 11, 2005 which was within the two year limit and, therefore, the Court DENIES that portion of the Defendant's Motion.

The Trustee argues that the Court cannot consider portions of the Defendant's and Jenson's examination testimony attached to the pleadings because the excerpts are from Rule 2004 examinations conducted in NSFF's main case. Again the Court disagrees.[9] The "reason for excluding motions and other papers from the record on motion for summary judgment is that such material does not have the solemnity of pleadings or the dignity of statements made under oath."[10] The testimony of both Jenson and the Defendant were taken under oath during a Rule 2004 examination conducted in NSFF's main case. The questions asked in those Rule 2004 examinations were relevant to this adversary proceeding, and the Trustee or his attorney were present at both examinations and had the opportunity to question both the Defendant and Jenson. The Trustee has even attached portions of the Defendant's Rule 2004 examination as an exhibit to his own affidavit. The Court finds that the Rule 2004 examination testimony of both the Defendant and Holt is inherently reliable and will consider it in making its decision.

---

[9] When deciding whether there are genuine issues of fact still in dispute, courts are not limited to considering depositions, answers to interrogatories, admissions on file, and affidavits. *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002) (stating a material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein"). *See also Pillsbury Co. v. FCX, Inc. (In re FCX, Inc..)*, 62 B.R. 315, 320 (Bankr. E.D. N.C. 1986) (finding that it was appropriate for court to consider statements of officers made under oath at prior hearings in the case).

[10] *Meyers v. Town of Putney (In re Corp. of Windham College)*, 34 B.R. 408, 411 (Bankr. D. Vt. 1983) (internal citations omitted).

A.  **Causes of Action I and II[11] – Actual Fraud**

The first and second causes of action are based on the Uniform Fraudulent Transfers Act (UFTA)[12] which requires a plaintiff to establish that a transfer was made with "the actual intent to hinder, delay, or defraud any creditor of the debtor."[13]  Under Rule 7009 of the Federal Rules of Bankruptcy Procedure, the circumstances surrounding allegations of fraud must be stated with particularity.  The Court recognizes that case law requires it to be flexible in it application of Rule 7009 when a trustee is involved.  However, the Court agrees with the Defendant that there are no specific circumstances alleged in the complaint describing or attributing actual fraud and, therefore, GRANTS the Defendant summary judgment on causes of action I and II.

B.  **Causes of Action III and IV – Constructive Fraud**

In addition to the relief sought in Defendant's Motion related to Causes of Action III and IV, the Cross-Motion also asks this Court to grant summary judgment in favor of the Trustee on causes of action III and IV which alleged constructive fraud under the UFTA.  There are, however, two reasons to deny the parties' requests for summary judgment on these causes of action.  First, under the UFTA the Trustee must establish that NSFF "was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction."[14]  The Trustee has attached his

---

[11]  Federal Rule of Bankruptcy Procedure 7008(a) refers to claims for relief, rather than causes of action, but the Court will refer to the terminology in the pleadings.

[12]  UTAH CODE ANN. § 25-6-1 *et seq*.

[13]  UTAH CODE ANN. § 25-6-5(1)(a).

[14]  UTAH CODE ANN. § 25-6-5(1)(b)(i).

own affidavit and the affidavit of Matthew K. Babcock stating that at the time of the transfers to the Defendant NSFF was insolvent, as evidence of insolvency. In response, the Defendant has filed a Rule 56(f) affidavit requesting further discovery regarding NSFF's insolvency. The Trustee has had the advantage of being privy to NSFF's books, records, and other information since his appointment to the case in 2004. Consequently, he has had time to review, form opinions, and come to conclusions regarding the status of NSFF's financial situation in the years preceding its bankruptcy filing. The Defendant has not had the opportunity to conduct discovery. Under the circumstances, it is appropriate to allow the Defendant additional time to conduct discovery regarding the statements made in both the Trustee's and Babcock's affidavits.

Second, there is still a material issue of fact in dispute – whether reasonably equivalent value was given under Note #1. Courts have held that whether reasonably equivalent value has been given is usually a question of fact.[15] Both parties claim that they are entitled to judgment as a matter of law on this issue. The Court views the essence of this issue differently than the parties. The undisputed facts indicate that the Defendant received his rights under Note #1 through an assignment from MSF. There is no dispute that this assignment is valid. Thus, the Court must examine the underlying obligation from which the Defendant received his contractual rights – the execution of Note #1. MSF and NSFF executed Note #1. Jenson testified that NSFF had agreed and/or promised to guarantee or "take out" the loan MSF made to Taylor'd. In fact, the face of Note #1 suggests an obligation by NSFF to close a loan with MSF.

---

[15] *Clark v. Sec. Pac. Bus. Credit (In re Wes Dor, Inc.),* 996 F.2d 237, 242 (10th Cir. 1993) (citing 4 COLLIER ON BANKRUPTCY ¶ 548.09, at 548-112 (15th ed.1993)) (stating that a determination under § 548 of whether a transfer is for reasonably equivalent value is largely a question of fact). *See also Stillwater Nat. Bank & Trust Co. v. Kirtley (In re Solomon),* 299 B.R. 626, 632 (10th Cir. BAP 2003) (stating that a bankruptcy court's determination as to whether a debtor received reasonably equivalent value was a factual determination).

Such a possibly enforceable promise might constitute reasonably equivalent value under Note #1. In paragraph nine of his affidavit, the Trustee states, "NSFF received no value in exchange for the Payments, Note #1, and Note #2."[16] The Trustee's affidavit is crafted in a manner which makes it difficult for the Court to determine if paragraph nine is based on the Trustee's personal knowledge, or if paragraph nine is merely a conclusory statement or mere belief that this Court should not consider. Although the affidavit is less than perfect, the Court finds that the Trustee's affidavit indicates there is a a dispute regarding whether any reasonably equivalent value was given under Note #1. In order to resolve this dispute, the Court would have to weigh these two contradictory statements – this weighing of the evidence is not permitted at this stage in the litigation. For these reasons, the Court DENIES the Defendant's request for summary judgment on causes of action III and IV as well as the Trustee's Cross-Motion.

### C. Causes of Action V and VI – Conflicting Interest Transaction

Causes of action V and VI allege that the transactions – Note #1 and subsequently Note #2 – involved a conflicting interest transaction as set forth in Utah Code Ann. § 16-6a-825. This statute allows the Court to void or set aside a conflicting interest transaction between a nonprofit corporation and an entity in which a director of the nonprofit corporation is a director or officer, or in which the director has a financial interest. The parties agree that the Defendant is not an officer or director of NSFF, MSF, or Taylor'd. However, the Trustee alleges, "on information and belief,"[17] that Cameron Lewis, an officer of NSFF, had a financial interest in Taylor'd and that this relationship taints the execution of Note #1. The Defendant's own evidence buttresses this allegation. Jenson testified that some kind of relationship existed between Cameron Lewis

---

[16] Trustee's Affid. ¶ 9.

[17] Trustee's Compl. ¶ 10.

and Taylor'd. These facts viewed in a light most favorable to the nonmoving party, show that there is an issue of fact as to whether a conflicting interest relationship existed between Cameron Lewis and Taylor'd that might make Note #1 void or voidable and in turn eviscerate the validity of Note #2. Therefore, the Court DENIES the portion of the Defendant's Motion requesting summary judgment on causes of action V and VI.

### D. Cause of Action VII – Unjust Enrichment

Under Utah law, unjust enrichment is an equitable remedy and is a mixed question of law and fact.[18] "Unjust enrichment is established when three elements are present: 1) a benefit conferred on one person by another; 2) the recipient must appreciate or have knowledge of the benefit; 3) the retention of the benefit by the recipient must be under such circumstances as to make it inequitable to retain it without payment of its value."[19] The Court has already concluded that there is a genuine issue of fact as to whether reasonably equivalent value was given. This disputed fact precludes the Court from determining whether it was equitable for the Defendant to retain any benefit he received. Therefore, the Court DENIES that portion of the Defendant's Motion.

### IV. CONCLUSION

For the reasons articulated, the Court GRANTS the Defendant's Motion to Dismiss or Alternatively for Summary Judgment as to causes of action I and II. The Court DENIES the Defendant's request for summary judgment on causes of action III, IV, V, VI, and VII. Finally, the Court DENIES the Trustee's Cross-Motion for summary judgment on causes of action III

---

[18] "Whether a claimant has been unjustly enriched is a mixed question of law and fact." *Desert Miriah, Inc. v. B & L Auto, Inc.* 12 P.3d 580, 582 (Utah 2000).

[19] *Lang v. Lang (In re Lang)*, 293 B.R. 501, 518 (10th Cir. BAP 2003).

and IV. The Defendant is hereby directed to prepare a separate Order of Judgment in accordance with this Memorandum Decision.

--------------------------------END OF DOCUMENT------------------------------



–ooo0ooo–

## CERTIFICATE OF SERVICE

This hereby certifies that the foregoing **MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** was mailed by placing a copy in the United States mail to the following individuals this by the Bankruptcy Noticing Center.

George B. Hofmann
Parsons Kinghorn & Harris
111 East Broadway
11th Floor
Salt Lake City, UT 84111
    Attorney for Trustee/Plaintiff

James E. Magleby
Miller Magleby & Guymon
170 South Main Street
Suite 350
Salt Lake City, UT 84101
    Attorney for Defendant