

James E. Magleby (7247)
Sharee O. Moser (10425)
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Defendant Dale P. Holt

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>**NATIONAL SCHOOL FITNESS FOUNDATION,**<br><br>Debtor, | **MEMORANDUM IN OPPOSITION TO TRUSTEE'S MOTION FOR PROTECTIVE ORDER** |
| **R. KIMBALL MOSIER, Chapter 11 Trustee of National School Fitness Foundation,**<br><br>Plaintiff,<br>vs.<br><br>**DALE P. HOLT,**<br><br>Defendant. | **Bankruptcy No. 04-28808 JAB**<br><br>**[Chapter 11]**<br><br>**Adv. Pro. No. 05-02116**<br><br>**Honorable Judith A. Boulden** |

Defendant Dale P. Holt ("Holt" or "Defendant"), through counsel of record, MAGLEBY &

GREENWOOD, P.C., hereby submits this memorandum in opposition to Trustee R. Kimball

Mosier's ("Plaintiff" or "Trustee") Motion for Protective Order.

### INTRODUCTION

After filing a complaint in which the Trustee seeks to recover $300,000 from Holt

(despite Holt's good faith, the arm's length nature of the transaction, and Holt's forgiveness of

hundreds of thousands of dollars of debt), the Debtor National Schools Fitness Foundation ("NSFF") now wants to deprive Holt of his opportunity to discover information to which he is clearly entitled in order to defend himself.

Trustee's mechanical application of Rule 30(b)(6) to the Trustee as "an individual" in NSFF's Motion for Protective Order ("Motion"), as opposed to the Debtor-entity NSFF, overlooks the reality of this case and the law. Under the Bankruptcy Code, and applicable case law, NSFF (and/or the Trustee) is/are subject to Rule 30(b)(6). Trustee's rights and responsibilities in this adversary proceeding are the same rights and responsibilities as if NSFF were the named plaintiff. As such, Holt is entitled to depose NSFF under Rule 30(b)(6), and Trustee is required to provide a competent witness on the topics listed in Holt's Notice of 30(b)(6) Deposition of Plaintiff ("Notice"). This is an adversary proceeding where the Trustee, by suing, voluntarily assumed the role of the Debtor, subjecting himself to Rule 30(b)(6). Any other result would be inequitable and would deny Holt the rights given to all defendants by the Federal Rules of Civil Procedure. In addition, Trustee has not shown (indeed, has not even tried to show) the requisite good cause for entry of a protective order.

Thus, Holt is entitled to take the Rule 30(b)(6) deposition on the topics listed in the Notice in order to discover the information to which he is entitled to mount his defense. Trustee's Motion should be denied.

### BACKGROUND

1.      On June 1, 2004, National School Fitness Foundation ("NSFF" or "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States bankruptcy Code.

2.      Thereafter, Trustee commenced this adversary proceeding against Holt. [*See generally* Complaint, Docket Entry No. 1].

3.      Holt was paid by Debtor the exact amount that Holt spent to fund a loan by MSF

Properties, LLC and Marc Jenson (collectively, "MSF Parties") to Taylor'd Systems, Inc.

("Taylor'd"). [*See* Motion to Dismiss or Alternatively for Summary Judgment ¶¶ 2, 9, Docket Entry No. 7].

4.      NSFF was involved in a mutually beneficial business relationship with Taylor'd

and as part of that had agreed to pay the loan from MSF Parties to Taylor'd which Holt funded.

[*See* Answer ¶ 9, Docket Entry No. 31].

5.      Despite this, Trustee maintains that NSFF's payments to Holt were constructively

fraudulent. [*See* Complaint ¶¶ 28-37, Docket Entry No. 1].

6.      On March 13, 2006, Holt served a Notice of 30(b)(6) Deposition on Plaintiff

("Notice"). [*See* Notice, attached as Exhibit "A"].

7.      The Notice properly requested that NSFF produce a witness knowledgeable about

the allegations in the complaint and asserted against Holt. [*See* Notice, Ex. A].

### ARGUMENT

## I.    HOLT IS ENTITLED TO TAKE THE RULE 30(b)(6) DEPOSITION OF THE PLAINTIFF

### A.    Trustee (in the Shoes of NSFF) is Obviously Subject to Rule 30(b)(6)

Rule 30(b)(6) is not complicated, and plainly provides:

> A party may, in the party's notice and in the subpoena, name as the deponent a
> public or <u>private corporation</u> or partnership or association or governmental agency
> and describe with reasonable particularity the matters on which examination is
> requested.  In that event, the <u>organization so named shall designate</u> one or more
> officers, directors, or managing agents, or other persons who consent to testify on
> its behalf, and may set forth, for each person designated, the matters on which the
> person will testify. . . . The person so designated <u>shall testify as to the matters
> known or reasonably available to the organization</u> . . .

Fed. R. Civ. P. 30(b)(6) (emphasis added).  Under Rule 30(b)(6), a deponent "<u>must</u> make a

conscientious good faith endeavor to designate the person having knowledge of the matters

3

sought by the discovering party and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by the discovering party as to the relevant subject matter." *Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986).

Even if the deponent lacks first hand knowledge concerning the transactions on which the litigation is based, the deponent still must comply with the Rule 30(b)(6) deposition notice by producing witnesses who have reviewed sufficient documents and familiarized themselves with the deponent's positions in order to testify on behalf of the deponent on the designated areas of examination. *See, e.g., Drave Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb. 1995). "Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996); *Buycks-Roberson v. Citibank Federal Savs. Bank*, 162 F.R.D. 338, 343 (N.D.Ill. 1995).

There is no special exception to Rule 30 for a Trustee or a Debtor. In fact, Rule 7030 plainly states that "*Rule 30 F.R.Civ.P. applies in adversary proceedings.*" Fed. R. Bankr. P. 7030 (emphasis added). There is certainly no blanket prohibition on applying Rule 30(b)(6) to bankruptcy trustees merely by virtue of a trustee being "an individual," as the Trustee would like the Court to believe. [*See* Motion at 3]. Indeed, such a rule would defy the obvious intent of Rule 7030, by depriving at least one party to every adversary proceeding in bankruptcy the right to use Rule 30(b)(6). And, Trustee does not provide any law to support the illogical and inequitable result that a Trustee, even though stepping into the shoes of a "private corporation", Fed. R. Civ. P. 30(b)(6), is to be treated differently from every other party.

In fact, Trustee does not even cite a bankruptcy case for the asserted proposition that Rule 30(b)(6) can never be applied to a bankruptcy trustee. [*See* Trustee's Motion at 3 and Exhibit "B",

4

*Youell v. Grimes*, 2001 WL 1273260 (D. Kan. Apr. 13, 2001)]. The *Youell* case did not involve an adversary proceeding in bankruptcy, and thus the "individual" sought to be deposed is just that — solely an individual, private citizen litigant – not a bankruptcy trustee stepping into the shoes of a "private corporation," as in the instant case.

To the contrary, courts apply Rule 30(b)(6) to individuals when such individuals are acting as a trustee in bankruptcy. *See, e.g.*, *In re Travelstead*, 212 B.R. 505, 509-10 (Bankr. D. Md. 1997). For example, the court in *Travelstead* expressly authorized a Rule 30(b)(6) deposition of the Assistant U.S. Trustee, a lawyer, and denied the U.S. Trustee's motion for a protective order. *Id.* The court observed that the proper method to obtain information from a U.S. Trustee is to notice the Rule 30(b)(6) deposition of the trustee. The *Travelstead* court further observed:

> The U.S. Trustee, Region 4 however, in response to a properly noticed deposition, <u>could be required to designate a person or persons competent to testify</u> on the requested matters <u>as his representative</u>.

*Id.* at 510 (emphasis added).

Application of the result in *Travelstead* to trustees in bankruptcy also has precedence in Utah. In the adversary proceeding of *Bird v. Bilanzich, In re Royal Aloha Coffee, Tea & Spice, Co., Inc.*, Judge Clark ruled against bankruptcy trustee, J. Kevin Bird ("Bird") when he sought a protective order against a Rule 30(b)(6) deposition notice. *[See* 10/26/2001 Minute Entry, *Bird v. Bilanzich, In re Royal Aloha Coffee Tea & Spice, Co. Inc.*, Bankr. Case No. 99C-24191, Adv. Pro. No. 01PC-2105 (Bankr. D. Utah Oct. 26, 2001), excerpts of docket attached as Exhibit "B"]. In moving for a protective order in the *Bilanzich* case, bankruptcy trustee Bird made arguments similar to the Trustee in this case—arguing that he did not have officers, directors, managing agents, or employees to designate under the Rule 30(b)(6) deposition notice. *[See* Memorandum of Law in Support of Plaintiff's Motion for Protective Order, *Bird*, Adv. Pro. No. 01PC-2105, excerpts attached as Exhibit "C"]; [*see also* Docket

5

Entry No. 31, Ex. B]. In opposition, the defendant argued that a bankruptcy trustee was properly subject to Rule 30(b)(6). [*See* Memorandum in Opposition to Plaintiff's Motion for Protective Order, *Bird*, Adv. Pro. No. 01PC-2105, attached as Exhibit "D" (with Notice of Rule 30(b)(6) Deposition of the Trustee of Royal Aloha Coffee, Tea, & Spice, Co., Inc. attached thereto)]. In *Bird*, Judge Clark rejected the trustee's arguments, and denied his motion for protective order, forcing Bird to provide a competent witness under Rule 30(b)(6). [*See* 10/26/2001 Minute Entry, Ex. B]. The result here should be the same.

Holt acknowledges that Trustee was not personally involved in the transactions which are the alleged basis of the Complaint. However, Holt is entitled to learn the factual bases (if any) of the serious allegations made against him. He is certainly entitled to discover those facts which might assist in defending against Trustee's claims for hundreds of thousands of dollars. Rule 30(b)(6) provides this mechanism and, as set forth in *Travelstead*, is an appropriate discovery method with respect to allegations made by the Trustee.

### B.    Trustee Voluntarily Assumed the Role of the Debtor When He Sued Holt Under Section 544

It is well established that a bankruptcy trustee in an adversary proceeding "stand[s] in the shoes of the debtor to set aside transfers to third part[ies]." *See, e.g., Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir. 1990); *Sender v. Mann*, ___ F.Supp.2d ___, 2006 WL 753209, No. CIVA01CV02315LTBOES at *14 (D. Colo. Mar. 20, 2006). More importantly, in drafting Section 544:

> Congress intended the trustee to stand in the shoes of the debtor and "<u>take no greater rights than the debtor himself</u> had."

*Sender v. Buchanan*, 84 F.3d 1281, 1285 (10th Cir. 1996) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 368, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323).

6

In this case, because the debtor is a "private corporation" and is suing Holt (through the Trustee) in an attempt to recover the payments it made to Holt, NSFF is subject to Rule 30(b)(6) deposition and is obligated to provide a competent witness. In his role as debtor, Trustee is under the same obligations. Congress has expressly declared that Trustee, in suing under § 544 is entitled to no greater rights than the rights of Debtor in the same situation. *Id*; *see also* 11 U.S.C. § 544. Thus, for example, if NSFF were suing in its own name under Utah Code Ann. § 25-6-5(1)(b)(i), NSFF would not be able to escape a Rule 30(b)(6) deposition by Holt. The Trustee, per Congress and the law, also does not have that right.

Sound public policy, in addition to express Congressional intent, also supports such a finding: allowing Trustee to escape Rule 30(b)(6) would amount to depriving Holt of the ability to defend himself. Trustee's power to bring adversary actions does not expand the power generally afforded plaintiffs. Similarly, Holt's rights as a defendant are not less simply because this is a bankruptcy case. Because Trustee, in bringing this adversary proceeding, voluntary stepped into the shoes of the debtor, it would be grossly inequitable to Holt to allow Trustee to now step out of those shoes to escape the Debtor's obligation to provide Holt with a competent witness.

## C.    Good Cause Has Not Been Shown for Issuance of a Protective Order

Rule 26(c) allows a court to issue protective orders limiting discovery <u>only</u> "for good cause shown." Fed. R. Civ. P. 26(c). The Rule 26(c) requirement of good cause is particularly strong where a party is seeking to escape deposition. *See, e.g.*, *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 84 (M.D.N.C. 1987) ("protective orders totally prohibiting a deposition should be rarely granted absent extraordinary circumstances"). This is because a deposition is a particularly effective tool in discovery. *See, e.g.*, Wright, Miller & Marcus,

*Federal Practice & Procedure: Civ.2d* § 2039 at 512-513 ("an oral deposition has the advantage of allowing cross-examination of an evasive, recalcitrant or hostile witness").

Trustee is unable to cite a single case where a plaintiff obtained a protective order under circumstances analogous to those at hand. As noted, the only case cited by Trustee is a non-bankruptcy case addressing whether an individual may be deposed, as an individual, under Rule 30(b)(6). [*See* Motion at 3 and Ex. B thereto]. Trustee's lack of citation to bankruptcy law makes it clear that there is no good cause to prohibit Holt's Rule 30(b)(6) deposition of Trustee.

Furthermore, Holt has no equivalent or efficient means besides Rule 30(b)(6) by which to gain information about NSFF and the Debtor's claims.[1] The entity whose shoes Trustee stepped into (NSFF) does not even exist in any meaningful way. Notably, NSFF has not objected to the scope or subjects set forth in the Notice. [*See* Notice, Ex. A]. Thus, good cause does not exist to prohibit Holt from deposing Plaintiff on the Rule 30(b)(6) topics set forth in the Notice.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court deny Trustee's Motion for Protective Order and instruct Trustee to produce a knowledgeable witness on the topics set forth in the Notice.

DATED this 10th day of April 2006.

MAGLEBY & GREENWOOD, P.C.

James E. Magleby
Sharee O. Moser
Attorney for Defendant Dale P. Holt

---

[1] Indeed, as far as Holt is aware, the principals of NSFF are mostly in jail awaiting trial, and NSFF itself is no longer operating.

8

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY & GREENWOOD, P.C.,

170 South Main Street, Suite 350, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b),

Rules of Bankruptcy Procedure, a true and correct copy of **MEMORANDUM IN**

**OPPOSITION TO TRUSTEE'S MOTION FOR PROTECTIVE ORDER** was delivered to

the following this 10th day of April 2006 by:

[ ] Hand Delivery

[ ] Facsimile No. (as indicated below)

[X] Depositing the same in the U.S. Mail, postage prepaid

[ ] Federal Express

[ ] Certified Mail, Receipt No. _____, return receipt requested

[ ] By electronic mail (as indicated below)

    R. Kimball Mosier
    George B. Hofmann
    Jeremy R. Cook
    PARSONS KINGHORN HARRIS
    111 East Broadway, Suite 1100
    Salt Lake City, Utah 84111

    Attorneys for R. Kimball Mosier



# Exhibit "A"

James E. Magleby (7247)
Sharee O. Moser (10425)
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Defendant Dale P. Holt

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>**NATIONAL SCHOOL FITNESS FOUNDATION,**<br><br>   **Debtor,** | **NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFF** |
| **R. KIMBALL MOSIER, Chapter 11 Trustee of National School Fitness Foundation,**<br><br>   **Plaintiff,**<br>**vs.**<br><br>**DALE P. HOLT,**<br><br>   **Defendant.** | **Bankruptcy No. 04-28808 JAB**<br><br>**[Chapter 11]**<br><br>**Adv. Pro. No. 05-02116**<br><br>**Honorable Judith A. Boulden** |

   PLEASE TAKE NOTICE that Defendant Dale P. Holt ("Holt" or "Defendant"), by its

undersigned counsel of record, will take the deposition of Plaintiff R. Kimball Mosier

("Trustee") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable

to this proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure.  In accordance

with Rule 30(b)(6), Trustee is required to designate one or more officers, directors, managing

agents, or other persons who consent to testify on his behalf with respect to all matters listed on Exhibit "A."

The deposition will be conducted on April 4, 2006, commencing at 9:30 a.m. and continuing thereafter until completion, at the offices of MAGLEBY & GREENWOOD, P.C., 170 South Main Street, Suite 350, Salt Lake City, UT 84101, telephone number (801) 359-9000.

The deposition will be conducted pursuant to the Federal Rules of Civil Procedure before a notary public of the state of Utah or such other officer authorized by law to administer oath and shall be recorded by stenographic means.

DATED this 13th day of March 2006.

MAGLEBY & GREENWOOD, P.C.

_Sharee O. Moser_

James E. Magleby
Sharee O. Moser
Attorney for Defendant Dale P. Holt

2

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY & GREENWOOD, P.C.,

170 South Main Street, Suite 350, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b),

Rules of Bankruptcy Procedure, a true and correct copy of **NOTICE OF 30(b)(6)**

**DEPOSITION OF PLAINTIFF** was delivered to the following this 13th day of March 2006 by:

[ ] Hand Delivery

[ ] Facsimile No. (as indicated below)

[X] Depositing the same in the U.S. Mail, postage prepaid

[ ] Federal Express

[ ] Certified Mail, Receipt No. _____, return receipt requested

[X] By electronic mail (as indicated below)

    R. Kimball Mosier
    George B. Hofmann
    Jeremy R. Cook
    PARSONS KINGHORN HARRIS
    111 East Broadway, Suite 1100
    Salt Lake City, Utah 84111

    Attorneys for R. Kimball Mosier

3

**EXHIBIT A**

**to**

**NOTICE OF FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)
DEPOSITION OF PLAINTIFF**

**DESCRIPTION OF MATTERS
ON WHICH DESIGNEE WILL TESTIFY**

1.     All facts, including all documents and information, related to Plaintiff's claims under Bankruptcy Code §§ 544 and 550 and Utah Code Ann. § 25-6-5(1)(b)(i), including the assertion that debtor, National School Fitness Foundation ("NSFF" or "Debtor"), did not receive reasonably equivalent value in exchange for either Note #1 or Note #2 (as such are defined in Plaintiff's Complaint).

2.     All facts, including all documents and information, related to Plaintiff's claims under Bankruptcy Code §§ 544 and 550 and Utah Code Ann. § 25-6-5(1)(b)(i), including the assertion that Debtor was insolvent at the time of its execution of both Note #1 and Note #2.

3.     All facts, including all documents and information, related to Plaintiff's claims under Bankruptcy Code §§ 544 and 550 and Utah Code Ann. § 25-6-5(1)(b)(i), including the assertion that Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

4.     All facts, including all documents and information, related to Plaintiff's claims under Bankruptcy Code §§ 544 and 550 and Utah Code Ann. § 25-6-5(1)(b)(i), including the assertion that Debtor intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured.

4

5.     All facts, including all documents and information, related to Plaintiff's claims of
unjust enrichment, including the assertions that Debtor received no benefit or value in exchange
for executing and delivering Note #1 and Note #2, that Debtor received no benefit or value in
exchange for disbursements in the amount of at least $300,000.00 made to Defendant in relation
to Note #1 and Note #2, and that it would be inequitable for Defendant to retain the benefit of the
proceeds of Note #1 and Note #2.

6.     All facts, including documents and information, related to loans that Marc Jenson
made to Debtor.

7.     All facts, including documents and information, related to loans that Marc Jenson
made to Charles Taylor, Richard Wilson, or Taylor'd Systems, Inc.

8.     All facts, including documents and information, related to loans that Holt made to
Debtor.

9.     All facts, including documents and information, related to loans that Holt made to
Charles Taylor, Richard Wilson, or Taylor'd Systems, Inc.

10.     All facts, including documents and information, related to Debtor's solvency from
the time period from August 2000 through Debtor's filing of its petition in bankruptcy.

11.     All facts, including documents and information, relating to Debtor's financial
condition between May 2002 and April 2003.

# Exhibit "B"

# U.S. Bankruptcy Court
## District of Utah (Salt Lake City)
## Adversary Proceeding #: 01-02105

*Assigned to:* Glen E. Clark
*Related BK Case:* 99-24191
*Related BK Title:* Royal Aloha Coffee, Tea and Spice Co.
*Demand:*
*Nature of Suit:* 454

*Date Filed:* 04/13/01
*Date Terminated:* 02/18/2004

### Plaintiff
----------------------

**J. Kevin Bird,** *Chapter 7 Trustee of the*
*estate of Royal Aloha Coffee, Tea Chapter 7*
*Trustee of the estate of Royal Aloha Coffee,*
*Tea*

represented by **Leslie J. Randolph**
136 South Main Street
Suite 419
Salt Lake City, UT 84101
(801) 870-5583
Email: leslie@lesliejrandolph.com
*LEAD ATTORNEY*

V.

### Defendant
----------------------

**Michael T. Bilanzich**

represented by **David E. Leta**
Snell & Wilmer
15 West South Temple
Suite 1200
Salt Lake City, UT 84101-1547
(801) 257-1928
Fax : (801) 257-1800
Email: dleta@swlaw.com
*LEAD ATTORNEY*

**Jefferson W. Gross**
Burbidge & Mitchell
Parkside Tower
215 South State Street
Suite 920
Salt Lake City, UT 84111
(801) 355-6677
Fax : (801) 355-2341
*LEAD ATTORNEY*

**John Ryan Mitchell**
BURBRIDGE & MITCHELL
139 East South Temple

| 10/30/2001 | 100 | Notice of Hearing Re: Filed by J. Kevin Bird (related document(s)97). Motion for Protective Order, Hearing scheduled for 12/5/2001 at 10:00 AM at US Bankruptcy Court. (jdc, ) (EOD: 11/01/2001) |
|---|---|---|
| 10/29/2001 | 101 | Affidavit in Support Re: Memorandum in Opposition To Motion to Compel, Motion to Leave to Depose, and in Support of Re: Motion for Protective Order Filed by J. Kevin Bird (related document(s)97, 98). (mbw, ) (EOD: 11/02/2001) |
| 10/26/2001 | 99 | Support Document Re: Memorandum in Opposition To Motion to Compel, Motion to Leave to Depose,Memorandum in Support Motion for Protective Order Filed by J. Kevin Bird (related documents(s)98). (jdc, ) (EOD: 11/01/2001) |
| 10/26/2001 | 98 | Memorandum in Opposition To Motion to Compel, Motion to Leave to Depose,Memorandum in Support Motion for Protective Order Filed by J. Kevin Bird (related documents(s)97, 83, 82). (jdc, ) (EOD: 11/01/2001) |
| 10/26/2001 | 97 | Motion for Protective Order Filed by J. Kevin Bird . (jdc, ) (EOD: 11/01/2001) |
| 10/26/2001 | 96 | Response to Filed by J. Kevin Bird (related document(s)83,10/05/2001 82 Motion By Defendant Michael T. Bilanzich To CompelResponses to Interrogatories and Motion to CompelProduction of Documents 83 Motion by Defendant Michael T. Bilanzich for Leave toDepose the Trustee's (EOD: 11/01/2001) |
| 10/26/2001 | | Minute Entry Re: [32-1] Motion For Protective Order by J. Kevin Bird . Appearances: Duane Gillman, David Leta, Richard Burbidge, James Magleby; Motion denied. [th] (EOD: 10/26/2001) |
| 10/19/2001 | 95 | Additional Exhibits By Plaintiff J. Kevin Bird To [40-1] Reply To Defendants Opposition to Motion for Protective Order by J. Kevin Bird . [mbw] (EOD: 10/19/2001) |
| 10/18/2001 | 94 | Certificate of Service Re: Miscellaneous/Pleadings[s].[Filed on 7-11-01] [smh] (EOD: 10/18/2001) |
| 10/17/2001 | 93 | Order Granting [77-1] Motion to File Overlength Memorandum by Michael T. Bilanzich . C/M [jdc] (EOD: 10/17/2001) |
| 10/15/2001 | 92 | Certificate of Service Re: Miscellaneous/Pleadings[s]. [ksh] (EOD: 10/16/2001) |
| 10/15/2001 | 91 | Certificate of Service Re: Miscellaneous/Pleadings[s]. [ksh] (EOD: 10/16/2001) |
| 10/15/2001 | 90 | Certificate of Service Re: Miscellaneous/Pleadings[s]. [ksh] (EOD: 10/16/2001) |
| 10/12/2001 | 89 | Certificate Of Service Filed By David E. Leta Re: [79-1] Motion For Partial Summary Judgment by Bad Ass Coffee Co. of Utah, Inc., Bad Ass Coffee Distributors, Inc., Bad Ass Coffee Company of Hawaii, Inc.,, Michael T. Bilanzich, [80-1] Support Brief/Memorandum by Bad Ass Coffee Co. of Utah, Inc., Bad Ass Coffee Distributors, Inc., Bad Ass Coffee Company of Hawaii, Inc.,, Michael T. Bilanzich . [kam] (EOD: 10/15/2001) |

| 08/10/2001 | 45 | Certificate of Service Re: Miscellaneous/Pleadings[s]. [mjo] (EOD: 08/13/2001) |
|---|---|---|
| 08/08/2001 | 43 | Order Vacating [36-1] Notice of Hearing on Motion for Protective Order . C/M [jtt] (EOD: 08/08/2001) |
| 08/02/2001 | 44 | Certificate of Service Re: Miscellaneous/Pleadings[s]. [jtt] (EOD: 08/08/2001) |
| 08/01/2001 | 42 | Joinder by Defendant HJM, Inc., Defendant Harold J. Hill in re: [39-1] Opposition Brief/Memorandum by Michael T. Bilanzich . [nas] (EOD: 08/02/2001) |
| 07/31/2001 | 41 | Joinder by Defendant Steven M. Zapiler in re: [39-1] Opposition Brief/Memorandum by Michael T. Bilanzich . [kam] (EOD: 08/01/2001) |
| 07/26/2001 | 40 | Response By Plaintiff J. Kevin Bird To [39-1] Opposition Brief/Memorandum by Michael T. Bilanzich . [kmc] (EOD: 07/27/2001) |
| 07/23/2001 | 39 | Memorandum By Defendant Michael T. Bilanzich In Opposition To [32-1] Motion For Protective Order by J. Kevin Bird . [kam] (EOD: 07/25/2001) |
| 07/23/2001 | 38 | Certificate Of Service Filed By David E. Leta Re:. [kam] (EOD: 07/25/2001) |
| 07/19/2001 | 37 | Certificate of Service Re: Miscellaneous/Pleadings[s]. [bfg] (EOD: 07/20/2001) |
| 07/17/2001 | 36 | Notice of Hearing Re: [32-1] Motion For Protective Order by J. Kevin Bird Scheduled for 2:00 8/9/01 at 350 South Main [kam] (EOD: 07/19/2001) |
| 07/17/2001 | 35 | Certificate Of Service Filed By Leslie J. Randolph Re: [32-1] Motion For Protective Order by J. Kevin Bird . [kam] (EOD: 07/19/2001) |
| 07/17/2001 |  | Plt's Opposition to Def's Motion to Expedite Hearing forwrded to district court for Case # 01-cv-353. [gmg] (EOD: 07/17/2001) |
| 07/16/2001 | 34 | Support/Supplemental Exhibit By Plaintiff J. Kevin Bird To [31-1] Support Brief/Memorandum by J. Kevin Bird . [nas] (EOD: 07/17/2001) |
| 07/13/2001 | 33 | Certificate of Service Re: Miscellaneous/Pleadings[s]. [dgd] (EOD: 07/16/2001) |
| 07/13/2001 | 32 | Motion By Plaintiff J. Kevin Bird For Protective Order . [smh] (EOD: 07/16/2001) |
| 07/13/2001 | 31 | Memorandum By Plaintiff J. Kevin Bird In Support Of Plaintiff's Motion for Protective Order. [Motion not on file] [kmc] (EOD: 07/16/2001) |
| 07/05/2001 | 30 | Certificate of Service Re: Miscellaneous/Pleadings[s]. [smh] (EOD: 07/06/2001) |
| 07/02/2001 | 28 | Copy of Order By Judge Jenkins Re: [14-1] Motion To Withdraw Reference RE: [1-1] Complaint NOS 454 Recover Money/Property by Steven M. Zapiler Appeal to 10th Circuit Due 8/1/01. This matter is consolidated with 2:01-cv-0353. C/M [hh] (EOD: 07/05/2001) |

# Exhibit "C"

Leslie J. Randolph, #5009
R. Mont McDowell, #2181
Duane H. Gillman, #1194
**McDOWELL & GILLMAN, P.C.**
Twelfth Floor, 50 West Broadway
Salt Lake City, Utah 84101
Telephone: (801)359-3500
  Attorneys for Trustee/Plaintiff

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>ROYAL ALOHA COFFEE,<br>TEA & SPICE, CO., INC.<br><br>155 West Malvern Avenue<br>Salt Lake City, UT 84111<br>TIN: 99-0308594<br><br>     Debtor. | Bankruptcy Case Number<br><br><br>99A-24191<br><br><br><br>[Chapter 7] |
| J. KEVIN BIRD, Chapter 7 Trustee of the estate of ROYAL ALOHA COFFEE, TEA & SPICE, CO., INC.,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL T. BILANZICH, an individual, HAROLD J. HILL, an individual, STEVEN M. ZAPILER, an individual, BAD ASS COFFEE COMPANY OF HAWAII, INC., a Utah Corporation, BAD ASS COFFEE DISTRIBUTORS, INC., a Utah Corporation, BAD ASS COFFEE CO. OF UTAH, INC., a Utah corporation and HJM, Inc., a corporation,<br><br>     Defendants. | Honorable Chief Judge Glen E. Clark<br><br><br>Adversary Proceeding Number<br><br><br>01PA-2105 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR PROTECTIVE ORDER

Plaintiff, J. Kevin Bird, chapter 7 trustee of the estate of Royal Aloha Coffee, Tea & Spice, Co., Inc. [the Trustee] by and through counsel, submits the following memorandum of law in support of his Motion for Protective Order.

## INTRODUCTION

The Trustee caused this adversary proceeding to be filed in his representative capacity. Defendant Michael T. Bilanzich [Bilanzich] seeks to depose the Trustee through one or more officers, directors, managing agents, employees or other knowledgeable person concerning 31 categories of information listed on an exhibit to his notice. The information listed is really the factual basis of and legal theories underlying this adversary proceeding. The person Bilanzich describes as the deponent is himself; neither the Trustee nor any person in his employ has any knowledge not already held and in most instances provided by Bilanzich. Any documentary information on which the Trustee relies, which did not come from Bilanzich, has been provided him through Rule 26(a) disclosures, Rule 2004 examinations of Bilanzich and Harold Hill and through the Trustee's responses to Bilanzich's first sets of requests for admissions, interrogatories and requests for production of documents. The Trustee has also submitted to a Rule 2004 examination himself and has agreed to produce additional documents.

In these circumstances, the deposition Bilanzich seeks is unreasonably cumulative and duplicative and will result in unnecessary expense and undue burden to the bankruptcy estate. Under the rules governing discovery in this court, a protective order should be issued ordering that the deposition of the Trustee shall not occur.

mlh 4490RoyalMemoProtec tM I Li                              2

Bilanzich's notice purports to be a notice of a Rule 30(b)(6) deposition and contains a request

that he be allowed to depose the Trustee "by and through one or more officers, directors, managing

agents, employees, or any other person who consents to testify and can testify on Royal Aloha's

behalf and who is knowledgeable on the subjects set forth on Exhibit A attached . . .[thereto]." The

Trustee has no such "officer, director, managing agent or employee;" his knowledge of the case was

gleaned from documents all of which have been produced. As was the case in *Interdyne Int'l, supra*,

the deposition Bilanzich seeks will be repetitive. It would also be a useless waste of time and money.

If there is admissible evidence other than that which is contained in the documents the Trustee has

produced, it is not the Trustee who can direct Bilanzich to it.

Fed. R.Civ.P. Rule 26(b)(2), allows this court to control discovery to prevent unreasonably

duplicative requests, particularly where, as here, the party seeking the objectionable discovery has

all the information he seeks either because he provided it initially or because the Trustee has already

produced the information. The only information about which the Trustee has some knowledge which

Bilanzich does not yet possess are the reports of the Trustee's accounting experts to which he is not

entitled until August 1, 2001. The Trustee is not the proper person to respond to accounting expert

reports and information.

## CONCLUSION

Based upon the foregoing, and in the circumstances of this case, it is appropriate for the court

to limit discovery by issuing a protective order that Bilanzich shall not be allowed to depose the

Trustee pursuant to Rule 36(b)(6).  This is the order the Trustee seeks.


DATED this *13* day of July, 2001.



_____
Leslie J. Randolph
McDowell & Gillman, P.C.
Attorneys for Trustee/Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of July, 2001, I caused a true and correct copy of the foregoing **Memorandum of Law in Support of Plaintiff's Motion for Protective Order** to be mailed, postage prepaid and addressed as follows:

United States Trustee
100 Boston Building
9 Exchange Place
Salt Lake City, UT 84111

David E. Leta
Snell & Wilmer, LLP
15 West South Temple, Suite 1200
Salt Lake City, UT 84111

Jeffrey W. Gross
Burbidge & Mitchell
139 East South Temple, Suite 2001
Salt Lake City, UT 84111

David B. Watkiss
Ballard, Spahr, Andrews & Ingersoll, LLP
201 South Main Street, Suite 600
Salt Lake City, UT 84111

McDowell & Gillman, P.C.

# Exhibit "D"

# ORIGINAL

DAVID LETA (#1937)
MATTHEW M. BOLEY (#8523)
SNELL & WILMER
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, UT, 84101
Telephone (801) 257-1900

RICHARD D. BURBIDGE (#0492)
JEFFERSON W. GROSS (#8339)
BURBIDGE & MITCHELL
139 East South Temple, Suite 2001
Salt Lake City, Utah 84111
Telephone: (801) 355-6677

Attorneys for Defendants Michael T. Bilanzich,
Bad Ass Coffee Company of Hawaii, Inc.,
Bad Ass Coffee Distributors, Inc. and Bad Ass
Coffee Co. of Utah, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re: )<br>)<br>ROYAL ALOHA COFFEE, TEA & SPICE, )<br>CO., INC. )<br>)<br>155 West Malvern Avenue )<br>Salt Lake City, Utah 84111 )<br>)<br>TIN: 99-0308594 )<br>)<br>　　　DEBTOR, )<br>) | **Bankruptcy Case Number**<br><br>**99A-24191**<br><br><br>**[Chapter 7]** |
| J. KEVIN BIRD, Chapter 7 Trustee of the )<br>estate of ROYAL ALOHA COFFEE, TEA, )<br>& SPICE, CO., INC., )<br>)<br>　　　PLAINTIFF, )<br>)<br>v. )<br>)<br>MICHAEL T. BILANZICH, an individual, )<br>HAROLD J. HILL, an individual, STEVEN ) | **Adversarial Proceeding Number**<br><br>**01P-2105JHA** |

012105D39

| M. ZAPILER, an individual, BAD ASS | ) |
| COFFEE COMPANY OF HAWAII, INC., | ) |
| a Utah corporation, BAD ASS COFFEE | ) |
| DISTRIBUTORS, INC., a Utah corporation, | ) |
| BAD ASS COFFEE CO. OF UTAH, INC., | ) |
| a Utah corporation and HJM, Inc., a | ) |
| corporation. | ) |
| | ) |
| DEFENDANTS. | ) |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant Michael Bilanzich ("Bilanzich") submits the foregoing Memorandum in Opposition to Plaintiff Kevin Bird's (the "Trustee") Motion for a Protective Order.

### I.

### INTRODUCTION

After filing a Complaint which alleges serious intentional misconduct and which seeks over $3 million from Bilanzich, the Trustee has sought a protective order divining that he is immune from the deposition process. Instead, the Trustee argues that Bilanzich, and the other defendants, are only entitled to the Trustee's incomplete and unsatisfactory responses to written discovery.

Notably, the Trustee is unable to cite a solitary case supporting the novel proposition that a plaintiff can simply decline a deposition concerning his claims. In contrast, *In Re Travelstead*, 212 B.R. 505, 509-510 (D.Mary. 1997), provides that a Rule 30(b)(6) deposition is the preferred method for discovering facts alleged by a bankruptcy trustee.

This adversary proceeding is without merit and, by his motion, the Trustee seeks to frustrate Bilanzich's efforts to expose the frailty of the Trustee's Complaint. However, Bilanzich is entitled

2

to take the Rule 30(b)(6) deposition of the Trustee as a matter of course, but especially due to the

gravity of the Trustee's allegations and the enormity of the Trustee's claims for damages.

## II.

## <u>FACTUAL BACKGROUND</u>

1.      On April 16, 1999, Royal Aloha Coffee, Tea & Spice Co., Inc. (the "Debtor"), filed

a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.      After Bird was appointed Trustee of the Debtor, the Trustee engaged in an extensive

investigation of the Debtor's affairs. Notably, Bilanzich and his co-defendants cooperated fully with

this "investigation" and produced, in response to overbroad (and invasive) document requests, over

sixty boxes of documents. In addition, Bilanzich sat for three days of extensive questioning for the

Trustee's Rule 2004 Exam of him (as well as a day for an informal interview).

3.      On April 13, 2001, i.e., on the eve of the expiration of the two years provided by 11

U.S.C. § 546(a), the Trustee filed this adversary proceeding alleging 19 causes of action consisting

of over 440 paragraphs of allegations and 64 pages.[1]  Pursuant to this Complaint, the Trustee seeks

over <u>$3 million</u> from Bilanzich.

---

[1] Notwithstanding the Trustee's self-congratulatory declarations that he pled his allegations with
particularity, he did nothing of the sort. Instead, the only matters which are pled specifically are the transactions
of the Debtor - which are largely undisputed. When the Trustee gets down to alleging misconduct by Bilanzich
and his co-defendants, the Trustee predictably retreats to <u>generalized</u> allegations (probably because he lacks
evidence to support such allegations). While the Trustee's Complaint is certainly vulnerable to a motion pursuant
to Fed. R. Civ. P. 12(e), Bilanzich and his co-defendants sought to get this Complaint resolved on the merits and
to discern through discovery the bases for the Trustee's generalized allegations of misconduct. So far, discovery
has not yielded such information.

4.      On May 24, 2001, the parties conducted their attorney's planning meeting pursuant to Fed. R. Civ. P. 26(f).

5.      On June 1, 2001, Bilanzich noticed the Rule 30(b)(6) deposition of the Trustee. (*See* Exhibit "A" hereto.) In addition, Bilanzich served his First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents.

6.      On June 29, 2001, the Trustee served his responses to Bilanzich's First Set of Requests for Admissions. In these responses, the Trustee denied the bulk of Bilanzich's Requests for Admissions. (Trustee Exhibit 3)

7.      On July 5, 2001, the Trustee served his (untimely) responses to Bilanzich's First Set of Interrogatories and Requests for Production of Documents. These responses provided precious little information that was not set forth in the Complaint. In other words, the Trustee failed to identify the facts which support his claims of misconduct. Further, and notwithstanding his protestations that his case is based on "the documents", the Trustee did not identify any documents which support his allegations of misconduct. Instead, the Trustee simply referred Bilanzich to the bulk of documents produced in the case so that Bilanzich can guess which of those many documents purportedly support the Trustee's allegations of misconduct.

8.      On July 3, 2001, Bilanzich took the Rule 2004 Examination of the Trustee concerning his administration of the estate. This examination was limited to the Trustee's administration of the

4

estate and did not concern the Trustee's allegations against Bilanzich made in this adversary

proceeding.[2]

9.    On July 13, 2001, *viz.*, <u>six weeks after</u> Bilanzich had noticed the Rule 30(b)(6)

deposition of the Trustee, the Trustee filed his Motion for a Protective Order.

III.

<u>DISCUSSION</u>

A.    <u>Bilanzich is Entitled to Take the Rule 30(b)(6) Deposition of the Trustee</u>.

Fed. R. Civ. P. 30(b)(6) and Bankruptcy Rule 7030(b)(6) provide as follows:

> "A party may, in the party's notice and in the subpoena, name as the
> deponent a public or private corporation or a partnership <u>or association</u>
> <u>or governmental agency</u> and describe with reasonable particularity the
> matters on which examination is requested.  In that event, <u>the</u>
> <u>organization</u> so named shall designate one or more officers, directors,
> or managing agents, <u>or other persons</u> who consent to testify on its
> behalf, <u>and may set forth, for each person designated, the matters on</u>
> <u>which the person will testify</u>. . . . <u>The person so designated shall</u>
> <u>testify as to matters known or reasonably available to the organization</u> .
> . ."

Under Rule 30(b)(6), a deponent "must make a conscientious good-faith endeavor to

designate the person having knowledge of the matters sought by the discovering party and to prepare

those persons in order that they can answer fully, completely, unevasively, the questions posed by

the discovering party as to the relevant subject matter."  *Federal Deposit Insurance Corp. v.*

*Butcher*, 116 F.R.D. 196, 199 (E.D.Tenn. 1986).  Furthermore, even if the deponent lacks first

---

[2] Indeed, the Trustee's own lawyer proclaimed in correspondence prior to the examination that the
examination would be limited to the Trustee's administration of the Debtor's bankruptcy estate.  (Exh. B hereto.)

5

hand knowledge concerning the transactions on which the litigation is based, the deponent still must comply with the Rule 30(b)(6) deposition notice. In particular, the deponent is obliged to produce witnesses who have reviewed sufficient documents and familiarized themselves with the deponent's positions in order to testify on behalf of the deponent on the areas of examination. *Drave Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb. 1995) "Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (emphasis added); *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 338, 343 (N.D.Ill. 1995).

The Rule 30(b)(6) deposition process is expressly applicable to adversary proceedings. Bankr. R. 7001, 7030(b)(6). Indeed, in *Travelstead, supra*, 212 B.R. at 509, the deposition of a bankruptcy trustee pursuant to Rule 30(b)(6) was expressly authorized. In that case, the debtor sought to take the deposition of the Assistant U.S. Trustee who also happened to be the lawyer for the U.S. Trustee in the matter. After evaluating the problems incumbent on deposing a lawyer, i.e., concerns of attorney-client privilege and attorney work product, the court observed that the proper method to obtain information from a U.S. Trustee is to notice the Rule 30(b)(6) deposition of the trustee. The *Travelstead* court further observed as follows:

> "The U.S. Trustee, Region 4 however, in response to a properly noticed deposition, could be required to designate a person or persons competent to testify on the requested matters as his representative."

6

Bilanzich acknowledges that the Trustee was not personally involved in the transactions which are the alleged basis of his Complaint. However, Bilanzich is entitled to learn the factual bases (if any) of the very serious allegations made against him. Rule 30(b)(6) provides this mechanism and, as set forth in *Travelstead*, is an appropriate discovery method with respect to allegations made by the Trustee.

**B.    The Trustee Has Failed to Show Good Cause Why He Should Not Be Deposed.**

Relying upon Fed. R. Civ. P. 26(b)(2), the Trustee claims that he is entitled to a protective order because the Rule 30(b)(6) deposition would be "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." According to the Trustee, his "compliance" with Bilanzich's written discovery substitutes for his obligation to provide a deposition.[3]

Notably, the Trustee is unable to cite any case where a plaintiff obtained a protective order on the basis that responses to written discovery were sufficient. "In general, protective orders totally prohibiting a deposition should be rarely granted absent extraordinary circumstances." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 84 (M.D.N.C. 1987).

As the Court and most litigants know, a deposition is a particularly effective discovery tool in order to dispense with evasive and incomplete answers. Wright, Miller & Marcus Federal Practice and Procedure: Civ.2d § 2039 at pp. 512-513 ("an oral deposition has the advantage of allowing

---

[3] The Trustee also makes mention of his Rule 2004 examination. However, that examination only concerned the Trustee's administration of the estate and did not concern his claims against Bilanzich and the other Defendants.

7

cross-examination of an evasive, recalcitrant or hostile witness"). Indeed, the cases are legion

stating that written responses to interrogatories are not adequate substitutes for oral depositions.

*See, e.g., Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, (S.D.N.Y. 1989) ("the interrogatory

format does not permit the probing follow-up questions necessary in all but the simplest litigation");

*Southern Film Extruders, Inc. v. Coca-Cola Company*, 117 F.R.D. 559, 562 fn.1(M.D.N.C. 1987)

(oral depositions are preferable to written interrogatories). *Alliance to End Repression v. Rochford*,

75 F.R.D. 428, 429 (N.D.Ill. 1976) ("without doubt, oral deposition is preferable to written

interrogatories when dealing with a recalcitrant or hostile witness"); *Intercontinental Fibers, Inc. v.

Unites States*, 352 F. Supp. 952 (Ct.Cl. 1972) ("deposition by oral examination is generally

considered to be a most flexible and probing tool of discovery and of particular usefulness when the

witness is likely not to be fully cooperative").

Furthermore, the Trustee's responses to the written discovery are plainly incomplete and

evasive. As the Trustee acknowledges, he has nearly 80 boxes of documents from the Debtor and

from the defendants. While Bilanzich asked the Trustee to identify what documentary evidence - the

purported bases for the Trustee's allegations of misconduct - support the claims in the Complaint,

the Trustee has simply produced reams of documents and has left Bilanzich to guess which of these

documents are the purported bases for the Trustee's allegations. Likewise, when asking what

specific facts support the allegations, the Trustee demurely states "look at the Complaint". In sum,

the Trustee's responses to the written discovery have provided precious little information to

Bilanzich for understanding the factual bases for the claims made against him.

Furthermore, when weighing the "burden" on the Trustee for complying with the Rule

30(b)(6) deposition notice, the Court should consider the nature of the claims made against Bilanzich

(and his co-defendants), as well as the staggering sum of money sought by the Trustee.  In

particular, the Trustee has alleged that Bilanzich breached his fiduciary duties to the Debtor and

transferred, through artifices of fraud, assets and money to himself.[4]  Likewise, the Trustee does not

seek a *de minimus* amount of money from Bilanzich.  According to the Trustee's Rule 26

disclosures, the Trustee is seeking over $3 million from Bilanzich and his co-defendants.  Certainly,

when the Trustee filed his Complaint, he knew that discovery would be extensive - and very

important.[5]

Contrary to the Trustee's suggestion, a Rule 30(b)(6) deposition is particularly warranted in

this circumstance.[6]  In *FDIC v. Butcher, supra*, 116 F.R.D. 196, the FDIC had sued several

---

[4] These allegations are particularly inflaming since Bilanzich lost over $1 million in his investments and loans to the Debtor.  The only payments made to Bilanzich were interest payments on Bilanzich's loans to the Debtor!

[5] 11 U.S.C. § 704 specifically states that the Trustee is responsible for investigating the financial affairs of the Debtor and for collecting money and property for the estate.  In other words, it should not be burdensome for the Trustee to testify on matters which are within the express purview of his duties and responsibilities as Trustee.

[6] The only case cited by the Trustee for his novel proposition that he is immune from deposition is a 20 year old unpublished decision from the district court, *Interdyne Int.'l, Inc, v. Gate City Steel Co.*, 1982 U.S.Dist. Lexis 17987 (D.Utah 1982).  Notably, the Trustee evades earnest discourse of this case because it is entirely inapposite.  In *Interdyne*, the trial court issued a protective order precluding the deposition of the attorney for several creditors.  The case did not concern the deposition of a party, let alone a Rule 30(b)(6) deposition of a party.  The issuance of a protective order to preclude the deposition of a party's lawyer is certainly nothing new (and the Trustee could have found many more persuasive cases than *Interdyne* for that proposition).  However, those facts are simply not presented to the Court on the Trustee's Motion for a Protective Order as Bilanzich is not seeking the deposition of the Trustee's lawyer.  Instead, the Trustee - the plaintiff in this litigation - is attempting to prohibit his deposition for all purposes.  In sum, *Interdyne* simply does not support the proposition that a party can evade a deposition by simply responding to written discovery.

9

individuals for $40 million alleging that they had breached statutory and fiduciary duties as officers and directors of a bank. The defendants noticed the Rule 30(b)(6) deposition of the FDIC in order to determine the factual bases for the allegations made against them. Notwithstanding complaints from the FDIC - like the Trustee in the present case - that producing witnesses knowledgeable about the allegations would be too burdensome, the *Butcher* court held that the FDIC, like any other organization, was required to comply with Rule 30(b)(6). *Butcher* at 199. Indeed, after the FDIC produced designee witnesses who were ill-prepared for the areas of examination, the *Butcher* court compelled the FDIC to produce additional witnesses who were adequately prepared to testify about the designated subject matters. *Butcher* at 202.

In sum, the Trustee has made very serious allegations against Bilanzich and his co-defendants. Bilanzich has every right to conduct a Rule 30(b)(6) deposition of the Trustee to discover the bases, if any, for his allegations.

## III.

## CONCLUSION

For the foregoing reasons, the Trustee's Motion for a Protective Order should be DENIED.

DATED this the 20th day of July, 2001.

BURBIDGE & MITCHELL

Jefferson W. Gross
Attorneys for Defendants Michael T. Bilanzich, Bad Ass Coffee Company of Hawaii, Inc., Bad Ass Coffee Distributors, Inc. and Bad Ass Coffee Co. of Utah, Inc.

10

## CERTIFICATE OF SERVICE

On the date below written, the undersigned hereby certifies that a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** was mailed with all first-class postage pre-paid to:

Leslie J. Randolph
R. Mont McDowell
Duane H. Gillman
McDOWELL & GILLMAN, P.C.
Twelfth Floor, 50 West Broadway
Salt Lake City, Utah 84101

Thomas R. Karrenberg
Scott A. Call
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, Utah 84101-2006
Attorneys for Defendant Steven M. Zapiler

David B. Watkiss
James E. Magleby
BALLARD SPAHR ANDREWS &
INGERSOLL
One Utah Center, Suite 600
201 South Main Street
Salt Lake City, Utah 8411-2211
Attorneys for Defendants Harold T. Hill and
HJM, Inc.

David E. Leta
Matthew M. Boley
SNELL & WILMER
15 West South Temple, #1200
Salt Lake City, UT 84111

DATED this the 20th day of July, 2001.

_____

\\Dana\myfiles\Badass\BACLP\Bankruptcy Utah\BACH\Bilanzich\Pleadings\OppProtective.wpd

12

DAVID LETA (#1937)
SNELL & WILMER
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, UT, 84101
(801) 257-1928

RICHARD D. BURBIDGE (#0492)
JEFFERSON W. GROSS (#8339)
JASON D. BOREN (#7816)
BURBIDGE & MITCHELL
139 East South Temple, Suite 2001
Salt Lake City, Utah 84111
Telephone: (801) 355-6677

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re: )<br>)<br>ROYAL ALOHA COFFEE, TEA & SPICE, )<br>CO., INC. )<br>)<br>155 West Malvern Avenue )<br>Salt Lake City, Utah 84111 )<br>)<br>TIN: 99-0308594 )<br>)<br>DEBTOR, ) | **Bankruptcy Case Number**<br><br>**99A-24191**<br><br><br>**[Chapter 7]** |
| J. KEVIN BIRD, Chapter 7 Trustee of the )<br>estate of ROYAL ALOHA COFFEE, TEA, )<br>& SPICE, CO., INC., )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>MICHAEL T. BILANZICH, an individual, )<br>HAROLD J. HILL, an individual, STEVEN )<br>M. ZAPILER, an individual, BAD ASS )<br>COFFEE COMPANY OF HAWAII, INC., )<br>a Utah corporation, BAD ASS COFFEE ) | **Adversarial Proceeding Number**<br><br>**01P-2193JHA**<br><br>**NOTICE OF RULE 30(b)(6) DEPOSITION**<br>**OF THE TRUSTEE OF ROYAL ALOHA**<br>**COFFEE, TEA, & SPICE, CO., INC.** |

DISTRIBUTORS, INC., a Utah corporation, )
BAD ASS COFFEE CO. OF UTAH, INC., )
a Utah corporation and HJM, Inc., a )
corporation. )
)
    DEFENDANTS. )

---

PLEASE TAKE NOTICE that Defendant Michael T. Bilanzich by and through his counsel of record, will take the deposition by oral examination of Plaintiff, the Trustee of Royal Aloha Coffee, Tea, & Spice, Co., Inc., ("Royal Aloha") by and through one or more officers, directors, managing agents, employees, or any other person(s) who consents to testify and can testify on Royal Aloha's behalf and who is knowledgeable on the subjects set forth on Exhibit A attached hereto. The deposition shall take place pursuant to Federal Rule of Civil Procedure 30(b)(6) and/or Bankruptcy Rule 7030(b)(6) before a certified court reporter at the offices of SNELL & WILMER, 15 West South Temple, Suite 1200, Salt Lake City, Utah, commencing at the hour of 9:00 a.m. on August 1, 2001, and continuing from day to day thereafter until completed.

DATED this the _1st_ day of June, 2001.

BURBIDGE & MITCHELL

Jefferson W. Gross
Attorneys for Defendants Michael T. Bilanzich, Bad Ass
Coffee Company of Hawaii, Inc., Bad Ass Coffee
Distributors, Inc. and Bad Ass Coffee Co. of Utah, Inc.

C:\MyFiles\S\Clients\BadAss\RACTS\Bilanzich\Pleadings\Notice30b6Depo.wpd

2

## CERTIFICATE OF SERVICE

On the date below written, the undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF RULE 30(b)(6) DEPOSITION OF THE TRUSTEE OF ROYAL ALOHA COFFEE, TEA, & SPICE, CO., INC.** was hand-delivered to:

Leslie J. Randolph
R. Mont McDowell
Duane H. Gillman
McDOWELL & GILLMAN, P.C.
Twelfth Floor, 50 West Broadway
Salt Lake City, Utah 84101

On the date below written, the undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF RULE 30(b)(6) DEPOSITION OF THE TRUSTEE OF ROYAL ALOHA COFFEE, TEA, & SPICE, CO., INC.** was mailed with all first-class postage pre-paid to:

James E. Magleby
David B. Watkiss
BALLARD, SPAHR, ANDREWS & INGERSON
201 South Main, Suite 600
Salt Lake City, Utah 84111

Thomas R. Karrenberg
Scott A. Call
ANDERSON & KARENBERG
50 West 300 South, Suite 700
Salt Lake City, Utah 84101

DATED this the ¹ˢᵗ day of June, 2001.

C:\My Files\S\Clients\DedAss\RACTS\Bilanzich\Pleadings\Notice30b6Depo.wpd

# EXHIBIT A

1.    All facts supporting your allegation that defendant Michael T. Bilanzich breached a fiduciary duty and his duty of care.

2.    All facts and information supporting your allegation that Harold J. Hill brached a fiduciary duty and his duty of care.

3.    All facts and information supporting your allegation that Steven Zapiler breached a fiduciary duty and his duty of care.

4.    All facts and information supporting your allegations that Royal's assignment of its U.S. Trademark Asset to BACCH was made for less than reasonably equivalent value.

5.    All facts and information supporting your allegations that Royal's transfer of the Original Store to BA-UT was made for less than reasonably equivalent value.

6.    All facts and information supporting your allegations that Royal's transfer of its coffee inventory and logo merchandise to Distributors in February or March 1998 was made for less than reasonably equivalent value.

7.    All facts and information supporting your allegation that Royal's transfer of the Canadian Trademark Asset to Bilanzich was made for less than reasonably equivalent value.

8.    All facts and information regarding loans that Bilanzich made to Royal.

9.    All facts and information relating to any obligations that Royal had to Bilanzich.

10.    All facts and information relating to any entities in which Bilanzich had an interest.

11.    All facts and information relating to Royal's legal problems in February 1997.

12.    All facts and information relating to Bilanzich's acquisition of Royal and other Bad Ass entities.

13.    All facts and information relating to your allegation that Bilanzich asserted sole control over Royal.

14.    All facts and information supporting your allegations that Royal's payments to Zapiler were made for less than reasonably equivalent value.

4

15.    All facts and information relating to Royal's financial condition as of December 31, 1997.

16.    All facts and information supporting your allegations that balance sheets prepared by Hill and/or HJM, Inc., were intentionally misstated.

17.    All facts and information supporting your allegation that Kool Kow, Durty Jakes and Hamakua were not part of Royal.

18.    All facts and information supporting your claim that BA-UT should be held liable for all claims asserted by creditors of Royal under a successor liability theory.

19.    All facts and information supporting your claim that BACCH should be held liable for all claims asserted by creditors fo Royal under a successor liability theory.

20.    All facts and information supporting your claim that Distributors should be held liable for all claims asserted by creditors of Royal under a successor liability theory.

21.    All facts and information supporting your allegation that Royal did not file a bankruptcy petition in 1998 so that Bilanzich could "fully deplete Royal's assets prior to a bankruptcy filing."

22.    All facts and information supporting your allegations that Royals' payments to Hill and HJM, Inc., were made for less than reasonably equivalent value.

23.    All facts and information relating to Royal's bankruptcy consultation and resolution.

24.    All facts and information supporting your allegation that Bilanzich failed to cause Royal to defend the Montoya Litigation.

25.    All facts and information concerning the creditors identified in paragraphs 313, 314, 324, 325, 335, 336, 346, 347, 389 and 399.

26.    All facts and information relating to Royal Aloha's alleged insolvency and when Royal Aloha became insolvent.

27.    All facts and information supporting your allegation that Royal was the alter ego of Bilanzich at all times relevant in the Complaint.

28.    All facts and information supporting your allegation that Royal was a mere "instrumentality" for Bilanzich and Hill to acquire the "U.S. and Canadian Trademark Assets."

29.    All facts and information supporting your allegations that Royal's payments to Home Credit Bank, Bank of Utah, Crestar, GE Capital, and Bankcard Services were made for less the reasonably equivalent value.

30.    All facts and information supporting your allegations that Royal's grants of security interests to secure loans made by Bilanzich were in any way improper and/or granted for less than reasonably equivalent value.

31.    All facts and information supporting your allegations that the assets transferred by Royal pursuant to the Foreclosure Agreement were transferred for less than reasonably equivalent value.

## McDowell & Gillman, P.C.

ATTORNEY AT LAW
TWELFTH FLOOR
50 WEST BROADWAY
SALT LAKE CITY, UTAH 84101
E-MAIL: MGPC@USWEST.NET

Phone: (801) 238-2600
Fax: (801) 808-3688

DUANE H. GILLMAN



June 14, 2001

David E. Leta
Snell & Wilmer
15 West South Temple, #1200
Salt Lake City, UT 84101

Re:    Royal Aloha Coffee, Tea & Spice, Co, Inc., Bankruptcy Case No. 99A-24191
       2004 exam of J. Kevin Bird, Trustee

Dear David:

We received but will not enter into the stipulation for Order Authorizing Rule 2004 examination of the Trustee. It goes beyond the agreement that was reached regarding the 2004 of Kevin Bird. We will not produce communication between the trustee and his attorneys; these communications are protected by the attorney-client privilege. We will not produce documents related to causes of action. Serve appropriate discovery in the pending adversary proceedings. We will make available offers to lease, license, purchase or sell property of the estate if the trustee has received the same. We believe there are no such documents. We will try to make available all inspections, appraisals, and surveys related to any property of the estate though we don't think there are any such documents.

We will appear at the offices of Snell & Wilmer at 9:00 a.m. on June 29, 2001 for the Rule 2004 exam of the trustee, the scope of which will be limited to the trustee's administration of the bankruptcy estate. If this is unacceptable file your motion and set it for hearing.

We are objecting to entry of any ex parte order regarding this.

Sincerely,

Duane H. Gillman

pc:    The Honorable Glen E. Clark
       The Honorable Judith A. Boulden
       J. Kevin Bird

gwu11700-RoyalLet.ltr