R. Kimball Mosier (2334)
George B. Hofmann (10005)
Jeremy R. Cook (10325)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for R. Kimball Mosier,
Chapter 11 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>NATIONAL SCHOOL FITNESS FOUNDATION,<br><br>    Debtor. | Bankruptcy No. 04-28808 JAB<br><br>[Chapter 11] |
| R. KIMBALL MOSIER, Chapter 11 Trustee of National School Fitness Foundation,<br><br>    Plaintiff,<br><br>-vs-<br><br>DALE P. HOLT,<br><br>    Defendant. | Adv. Pro. No. 05-2116<br><br>[Filed Electronically] |

### REPLY MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION
### FOR PROTECTIVE ORDER

## PRELIMINARY STATEMENT

The Memorandum in Opposition to Trustee's Motion for Protective Order (the "Opposition Memo") filed by Dale P. Holt ("Holt") reveals several fundamental misunderstandings of the Bankruptcy Code. The Trustee is not the same entity as National School Fitness Foundation. The Trustee is not the same entity as the United States Trustee. The Trustee is an individual, and individuals are not subject to depositions under Fed. R. Civ. P. 30(b)(6).

## ARGUMENT

### I. The Trustee is not the Debtor

Holt does not seem to understand the fundamental distinction between trustees and debtors. To state the obvious, the R. Kimball Mosier is not National School Fitness Foundation.

The Bankruptcy Code makes this clear. Bankruptcy Code § 323(a) states: "The trustee in a case under this title is the representative of the estate." Cases interpreting this provision confirm that "a bankruptcy trustee is a separate legal entity that neither represents the Debtor nor owes the Debtor a fiduciary obligation. . . . Instead, the Trustee's responsibility is to the bankruptcy estate that he or she represents." In re Buckeye Countrymark, Inc., 251 B.R. 835, 840 (Bankr. S.D. Ohio 2000) (citations omitted); accord In re Raynard, 327 B.R. 623, 629 fn.9 (Bankr. W. D. Mich. 2005) ("The bankruptcy estate exists apart from the debtor. It acts through its legal representative,

the bankruptcy trustee.").

Contrary to Holt's contention, the debtor is not suing Holt. Opposition Memo at 7. The Trustee is. The Trustee is an individual, not a corporation, and therefore the Trustee is not subject to Rule 30(b)(6).

## II.     The Trustee is not the United States Trustee

The primary case Holt relies on in his Opposition Memo is In re Travelstead, 212 B.R. 505 (Bankr. D. Md. 1997). That case involved a deposition of the U.S. Trustee, Region Four. Id. at 510. Of course, the United States Trustee is a component of the United States Department of Justice, and is a "governmental agency" within the plain language of Fed. R. Civ. P. 30(b)(6).

Unlike the United States Department of Justice, the Trustee is not a "governmental agency." Any number of provisions in the Bankruptcy Code distinguish between a trustee and the United States Trustee. See, e.g., Bankruptcy Code §§ 303(g), 321(c), 322(b)(2), 324(a), 1104(b). Moreover, the United States Supreme Court has confirmed that bankruptcy trustees are "'not an arm of the government.'" California Bd. of Equalization v. Sierra Summit, Inc., 490 U.S. 844, 849 (1989), quoting Department of Employment v. United States, 385 U.S. 355, 359-60, 87 S. Ct. 464, 467, 17 L. Ed. 2d 414 (1966). Since the Trustee is an individual and not a "governmental agency," he is not subject to a Rule 30(b)(6) deposition.

3

### III. The Court Should Disregard Holt's Citation to Judge Clark's Minute Entry Consisting of Two Words

The substantive portion of Judge Clark's docket entry relied on by Holt as authority for conducting a Rule 30(b)(6) deposition of a bankruptcy trustee is as follows: "Motion denied." There is no reason given for Judge Clark's ruling in <u>Bird v. Bilanzich et al.</u>, Case. No. 01PA-2015. It is not controlling or even persuasive authority. Indeed, it does not constitute any authority at all, since it appears that Judge Clark did not issue a written order denying the motion.

Holt does not cite a single case permitting a Rule 30(b)(6) deposition of an individual. There is a good reason for this–there probably is no such case. This rule by its express terms does not apply to individuals, like the Trustee.

### IV. The Trustee is Not Attempting to Avoid Proper Discovery

A copy of the parties' email exchange that preceded this motion is attached as Exhibit A. Counsel to Holt sent the Trustee's counsel a proposed Rule 30(b)(6) notice and requested the Trustee select a mutually agreeable date. The Trustee's counsel's response was that Holt may take a deposition of the Trustee, but not a deposition pursuant to Rule 30(b)(6). Through a follow-up telephone conversation, counsel agreed on a date, but the Trustee never agreed to the Rule 30(b)(6) procedure.

By letter dated March 13, 2006 (attached as Exhibit B) Holt's counsel made it clear that Holt insisted that the Trustee comply with the Rule 30(b)(6) procedure, and

4

that Holt would "seek appropriate relief from the Court" if the Trustee did not comply. Holt left the Trustee no choice but to seek a protective order from this Court.

The Trustee's counsel made it clear to Holt's counsel that the Trustee was willing to appear for a properly noticed deposition. But the Trustee is not willing to comply with the requirements of Rule 30(b)(6). The Trustee is not seeking to avoid a deposition[1] through this motion. The Trustee is seeking only to avoid complying with Rule 30(b)(6), which by its terms has no application to individuals.

**DATED** this 14th day of April, 2006.

PARSONS KINGHORN HARRIS, P.C.

/s/ George B. Hofmann
R. Kimball Mosier
George B. Hofmann
Jeremy R. Cook
Attorneys for the Trustee

F:\DATA\RKM-Bankr\Nat'l Fitness\Dale Holt\Reply Memo Motion for Protective Order.wpd

---

[1] It is worth noting that the discovery cut-off has now elapsed in this Adversary Proceeding. The Trustee has not consented to the extension of this cut-off, and Holt did not properly notice the Trustee's deposition before the cut-off.

5

# EXHIBIT A

## George Hofmann

**From:** George B. Hofmann [gbh@pkhlawyers.com]
**Sent:** Tuesday, March 07, 2006 6:07 AM
**To:** 'Sharee Moser'
**Cc:** 'James Magleby'; 'R. Kimball Mosier'
**Subject:** RE: Holt adv. NSFF

My thoughts are that this is a big waste of time. Also, rule 30(b)(6) applies only to "a public or private corporation or a partnership or association or governmental agency." Kim Mosier is none of these. With that said, if you want to take his deposition, that is your right. I will get back to you on dates, but would not be inclined to extend discovery, except for the sole purpose of taking this deposition (if necessary).

---

**From:** Sharee Moser [mailto:smoser@MGPCLAW.COM]
**Sent:** Monday, March 06, 2006 5:27 PM
**To:** George B. Hofmann
**Cc:** James Magleby
**Subject:** Holt adv. NSFF

Hi George,
Please see attached, which we would like to serve tomorrow. Please let me know which of the following dates would work for you and your client:

March 13, 14, 20, 21, or 29.

Once you have narrowed the dates, I will extend an invitation to counsel for Marc Jenson as well. If none of these work, we may need to consider extending the fact discovery deadline 30 days or so beyond March 31. Let me know your thoughts.

Thank you,
Sharee

*Sharee O. Moser*
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000 ext. 108
Facsimile: 801.359.9011
moser@mgpclaw.com

CONFIDENTIALITY NOTICE UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C 2701(a) and 2702(a)] This message is being sent by Magleby & Greenwood, P.C., a law firm. It is intended exclusively for the individuals or entity to whom it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. This message is protected by attorney-client and/or attorney work product legal privileges and is strictly confidential.

4/11/2006

# EXHIBIT B



T 801.359.9000 : F 801.359.9011 : www.mgpclaw.com
170 South Main Street, Suite 350 : Salt Lake City, Utah 84101

Sharee O. Moser
moser@mgpclaw.com

March 13, 2006

*Via Electronic and U.S. Mail*

George B. Hoffman
PARSONS KINGHORN HARRIS
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111

Re:   In re National Schools Fitness Foundation
      R. Kimball Mosier, Chapter 11 Trustee v. Dale P. Holt
      United States Bankruptcy Court, District of Utah, Central Division
      Bankruptcy No. 04-28808 JAB; Adv. Pro. No. 05-02116

Dear George:

Enclosed you will find a Notice of 30(b)(6) Deposition of Plaintiff (the "Notice"). Per our previous discussions, the deposition is scheduled for April 4, 2006 at 9:30 a.m.

We also want to inform you that we disagree with your interpretation of Rule 30(b)(6) and its applicability to the Trustee. We believe that Rule 30(b)(6) is applicable to the Trustee and that you are obligated to produce a witness knowledgeable about the topics listed in Exhibit A to the enclosed Notice. *See, e.g., In re Travelstead*, 212 B.R. 505, 509-10 (D. Md. 1997) (Rule 30(b)(6) deposition is a proper means to depose a bankruptcy trustee); *Bird v. Bilanzich*, (*In re Royal Aloha Coffee, Tea & Spice, Co., Inc.*), Ch. 7 Case No. 99A-24191, Adv. No. 01P-2105JHA (D. Utah). For example, in *Bird*, Judge Clark denied the trustee's motion for a protective order and ordered the trustee to produce a witness under Rule 30(b)(6) competent to testify to the matters in the deposition notice.

Accordingly, we expect that the Trustee will be knowledgeable as to the topics we have designated on Exhibit A to the enclosed notice. Under Rule 30(b)(6), if the trustee is not knowledgeable, he should be educated before the deposition. If a knowledgeable witness is not produced pursuant to the deposition notice, we plan to seek appropriate relief from the Court.

Thank you for your time and consideration.

Sincerely,

MAGLEBY & GREENWOOD, P.C.

Sharee O. Moser

SOM/bl
Enclosures

James E. Magleby (7247)
Sharee O. Moser (10425)
MAGLEBY & GREENWOOD, P.C.
170 South Main Street, Suite 350
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Defendant Dale P. Holt

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>NATIONAL SCHOOL FITNESS FOUNDATION,<br><br>Debtor, | NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFF |
| R. KIMBALL MOSIER, Chapter 11 Trustee of National School Fitness Foundation,<br><br>Plaintiff,<br>vs.<br><br>DALE P. HOLT,<br><br>Defendant. | Bankruptcy No. 04-28808 JAB<br><br>[Chapter 11]<br><br>Adv. Pro. No. 05-02116<br><br>Honorable Judith A. Boulden |

PLEASE TAKE NOTICE that Defendant Dale P. Holt ("Holt" or "Defendant"), by its undersigned counsel of record, will take the deposition of Plaintiff R. Kimball Mosier ("Trustee") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure. In accordance with Rule 30(b)(6), Trustee is required to designate one or more officers, directors, managing

agents, or other persons who consent to testify on his behalf with respect to all matters listed on Exhibit "A."

The deposition will be conducted on April 4, 2006, commencing at 9:30 a.m. and continuing thereafter until completion, at the offices of MAGLEBY & GREENWOOD, P.C., 170 South Main Street, Suite 350, Salt Lake City, UT 84101, telephone number (801) 359-9000.

The deposition will be conducted pursuant to the Federal Rules of Civil Procedure before a notary public of the state of Utah or such other officer authorized by law to administer oath and shall be recorded by stenographic means.

DATED this 13th day of March 2006.

MAGLEBY & GREENWOOD, P.C.

*[signature]*
James E. Magleby
Sharee O. Moser
Attorney for Defendant Dale P. Holt

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY & GREENWOOD, P.C., 170 South Main Street, Suite 350, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Rules of Bankruptcy Procedure, a true and correct copy of **NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFF** was delivered to the following this 13th day of March 2006 by:

[ ] Hand Delivery

[ ] Facsimile No. (as indicated below)

[X] Depositing the same in the U.S. Mail, postage prepaid

[ ] Federal Express

[ ] Certified Mail, Receipt No. _____, return receipt requested

[X] By electronic mail (as indicated below)

    R. Kimball Mosier
    George B. Hofmann
    Jeremy R. Cook
    PARSONS KINGHORN HARRIS
    111 East Broadway, Suite 1100
    Salt Lake City, Utah 84111

    Attorneys for R. Kimball Mosier

*/s/ Sharee O'Mosier*

# EXHIBIT A

to

## NOTICE OF FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) DEPOSITION OF PLAINTIFF

## DESCRIPTION OF MATTERS ON WHICH DESIGNEE WILL TESTIFY

1. All facts, including all documents and information, related to Plaintiff's claims under Bankruptcy Code §§ 544 and 550 and Utah Code Ann. § 25-6-5(1)(b)(i), including the assertion that debtor, National School Fitness Foundation ("NSFF" or "Debtor"), did not receive reasonably equivalent value in exchange for either Note #1 or Note #2 (as such are defined in Plaintiff's Complaint).

2. All facts, including all documents and information, related to Plaintiff's claims under Bankruptcy Code §§ 544 and 550 and Utah Code Ann. § 25-6-5(1)(b)(i), including the assertion that Debtor was insolvent at the time of its execution of both Note #1 and Note #2.

3. All facts, including all documents and information, related to Plaintiff's claims under Bankruptcy Code §§ 544 and 550 and Utah Code Ann. § 25-6-5(1)(b)(i), including the assertion that Debtor was engaged in business or a transaction or was about to engage in business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

4. All facts, including all documents and information, related to Plaintiff's claims under Bankruptcy Code §§ 544 and 550 and Utah Code Ann. § 25-6-5(1)(b)(i), including the assertion that Debtor intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured.

5. All facts, including all documents and information, related to Plaintiff's claims of unjust enrichment, including the assertions that Debtor received no benefit or value in exchange for executing and delivering Note #1 and Note #2, that Debtor received no benefit or value in exchange for disbursements in the amount of at least $300,000.00 made to Defendant in relation to Note #1 and Note #2, and that it would be inequitable for Defendant to retain the benefit of the proceeds of Note #1 and Note #2.

6. All facts, including documents and information, related to loans that Marc Jenson made to Debtor.

7. All facts, including documents and information, related to loans that Marc Jenson made to Charles Taylor, Richard Wilson, or Taylor'd Systems, Inc.

8. All facts, including documents and information, related to loans that Holt made to Debtor.

9. All facts, including documents and information, related to loans that Holt made to Charles Taylor, Richard Wilson, or Taylor'd Systems, Inc.

10. All facts, including documents and information, related to Debtor's solvency from the time period from August 2000 through Debtor's filing of its petition in bankruptcy.

11. All facts, including documents and information, relating to Debtor's financial condition between May 2002 and April 2003.

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2006, I caused to be served a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION FOR PROTECTIVE ORDER**, as follows:

**Via Hand-Delivery to the following:**

James E. Magleby
Sharee O. Moser
Magleby & Greenwood, P.C.
170 South Main Street, Suite 350
Salt Lake City, UT 84101

**By U.S. Mail, first-class, postage prepaid to the following:**

Peter J. Kuhn
U.S. Trustees Office
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

/s/ George B. Hofmann
George B. Hofmann